## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LARRY SADDLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No.: 1:16-cv-01582-RDM** |
| | : | |
| AMEC FOSTER WHEELER | : | |
| ENVIRONMENT & INFRASTRUCTURE, | : | |
| INC. | : | |
| | : | |
| Defendant | : | |

### AMEC FOSTER WHEELER ENVIRONMENT & INFRASTRUCTURE, INC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Defendant, AMEC Foster Wheeler Environment & Infrastructure, Inc. ("AMEC") by counsel and pursuant to Fed. R. Civ. P. 12(b)(7), LCvR 7, and Order of the Court (Docket No. 3), has moved the Court for an Order dismissing the Complaint filed by Larry Saddler ("Plaintiff").  This brief is filed in support of that motion.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... iii

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL HISTORY ............................................. 1

III. JURISDICTION ............................................................................................. 3

IV.  LEGAL ARGUMENT .................................................................................... 4

   A.  Plaintiff's Complaint Should Be Dismissed for Failure to Join Indispensable Parties 4

   *i.*   *The District of Columbia is a necessary party to this action* ........................................ 6

   *ii.*  *Equity and good conscience call for dismissal of this action* ..................................... 11

   B.  The Federal Court Should Abstain From Hearing This Matter ................................. 13

   *i.*   *This case does not concern property, thus the first abstention factor does not weigh*
   *either for or against maintaining jurisdiction* .................................................................... 15

   *ii.*  *Litigating this matter in the federal forum is inconvenient and unnecessary* ............ 15

   *iii.* *The District of Columbia Superior Court was the first court to obtain jurisdiction*
   *over this matter and the matter should remain in that Court* ............................................. 15

   *iv.*  *Litigating this matter piecemeal in both the District of Columbia Superior Court and*
   *the Federal Court would be an inefficient waste of judicial resources* .............................. 16

   *v.*   *The District of Columbia precedent will control in this matter, thus the District of*
   *Columbia Superior Court is a more convenient forum for the proceedings* ...................... 17

   *vi.*  *The District of Columbia Superior Court was the forum selected and pursued by*
   *Plaintiff in his action against the other defendant parties, and it will adequately protect the*
   *interests of all parties, including AMEC* ........................................................................... 19

V.   CONCLUSION ............................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Grindstone Capital, LLC*, 12 F. Supp. 3d 156, 160-161, 2014 U.S. Dist. LEXIS 13987, *6-7, 2014 WL 448547 (D.D.C. 2014)........................................... 14, 15, 16, 17, 18, 19

*Automated Datatron, Inc. v. Woodcock*, 84 F.R.D. 408 (D.D.C. 1979) ........................................ 7

*Bank of N.Y. v. FDIC*, 508 F.3d 1, 7 (D.C.C. 2007) (internal citation omitted)............................ 8

*Barash v. Seaton*, 256 F.2d 714 (1958) .................................................................................... 12

*Capital Med. Ctr., LLC v. Amerigroup Md., Inc.*, 677 F.Supp. 2d 188, 190 (D.D.C. 2010)...... 8, 9

*Ceco v. Coleman*, 441 A.2d 940 (D.C. 1982) ............................................................................ 12

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982)..... 8

*Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495-96 (D.C.C. 1997) ........................ 5, 6

*Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1277 (D.C. Cir. 1983).................................................................................................................................... 5

*Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)....................... 14, 15, 16

*Consumers Union of the United States, Inc. v. Consumer Product Safety Com.*, 400 F. Supp. 848, 854 (D.D.C. 1975) ....................................................................................................................... 8

*Delaney v. Capitol Hill Anesthesia Assocs.*, 602 F. Supp. 1069, 1070 (D.D.C. 1985) ................ 16

*Djourabchi v. Self*, 240 F.R.D. 5 (D.D.C. 2006) ......................................................................... 7

*English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993) ................................................................... 5

*Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67, 72 (D.D.C. 2001) ...................... 16, 17, 18

*Group Health Ass'n v. District of Columbia General Hosp.*, 540 A.2d 1104 (D.C. 1988).......... 12

*GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375 (1980) ................................ 8

*Hand v. Briggs*, 360 F. Supp. 484 (N.D. Cal. 1973)..................................................................... 7

*Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 352, (D.C. Cir. 2003)...................... 14, 15

*Hurley v. Heilig*, 28 F. Supp. 2d 33, 35 (D.D.C. 1998) ................................................. 17

*Johnston Lemon & Co. v. Smith*, 882 F. Supp. 4, 5 (D.D.C. 1995) ............................. 16

*Kint v. Terrain King Corp.*, 79 F.R.D. 10, 11 (1977) ................................................. 6

*McKenna v. Udall*, 418 F.2d 1171, 1174 (D.C.C. 1969) ............................................ 11

*Ment v. Schwartz*, 305 F. Supp. 2d 49 (D.D.C. 2004) .............................................. 7

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S. Ct.

   927, 74 L. Ed. 2d 765 (1983)............................................................... 15, 16, 17

*Park v. Didden*, 695 F.2d 626, 632 (D.C. Cir. 1982)................................................. 3, 4

*Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 50 (D.D.C. 2003) ..................... 5, 6

*Provident Tradesman Bank & Trust, Co. v. Patterson*, 390 U.S. 102, 110 (1968) .................. 6, 8

*Republic of Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180, 2188 (2008) ....................... 5

*S.S. v. Howard Rd. Acad.*, 562 F. Supp. 2d 126 (D.D.C. 2008) ................................. 6, 7

*Settlers Ins. Co. v. Schweid*, 221 A.2d 920, 923 (D.C. 1966)..................................... 12

*Swomley v. Watt*, 526 F. Supp. 1271, 1273 (D.D.C. 1981) ........................................ 6

*United States v. Exxon Corp.*, 94 F.R.D. 252 (D.D.C. 1981) ..................................... 5

**Statutes**

28 U.S.C §§ 1367(b), 1367(e)..................................................................... 3

28 U.S.C. § 1332.......................................................................................... 4

28 U.S.C. § 1332(a) ................................................................................... 3

28 U.S.C. § 1332(a)(1)................................................................................ 3

28 U.S.C. § 1332(b) ................................................................................... 4

28 U.S.C. § 1367.................................................................................... 3, 4

Fed. R. Civ. P. 12(b)(7)...................................................................................................... 1, 5, 13

Fed. R. Civ. P. 19(a) ................................................................................................................ 5

Fed. R. Civ. P. 19(a)(1)............................................................................................................ 5

Fed. R. Civ. P. 19(b) ............................................................................................................ 6, 11

**Other Authorities**

Disabilities Education Improvement Act of 2004 ("IDEIA") ........................................................ 6

## I.      INTRODUCTION

Plaintiff has failed to join indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7). Plaintiff is simultaneously maintaining an action based on the same transaction and occurrence in two separate courts alleging identical claims against three separate defendants.   Plaintiff's complaint should be dismissed.

## II.      FACTUAL AND PROCEDURAL HISTORY

1.   Plaintiff filed a claim based on the same transaction and occurrence alleged in this case against the Government of the District of Columbia and Dean-Facchina, LLC ("Dean-Facchina") on September 3, 2015.   *See*, Plaintiff's Complaint ("Complaint") ¶ 4 and District of Columbia Superior Court Docket ("Superior Court Case" Docket No. 2015 CA 006868 B).

2.   Plaintiff filed his Complaint in the above-captioned matter (Docket No. 1) on August 3, 2016.

3.   Plaintiff alleges diversity citizenship between himself and AMEC for purposes of federal jurisdiction in this case.   *See*, Complaint ¶ 1.

4.   Plaintiff alleges that the Government of the District of Columbia awarded Dean-Facchina a contract to build a streetcar line in Northeast Washington, D.C. ("Construction Project" or "Construction Site").   *See*, Complaint  ¶ 7.

5.   Plaintiff alleges that the Government of the District of Columbia also awarded AMEC a contract related to the Construction Project.   *See*, Complaint ¶ 8.

6.   Plaintiff alleges that the Government of the District of Columbia and Dean-Facchina performed construction at the Construction Site, not AMEC.   *See*, Complaint ¶ 9.

7.   Plaintiff alleges that AMEC performed construction management at the Construction Site where the Government of the District of Columbia and Dean-Facchina were allegedly performing construction.  *See*, Complaint ¶ 10.

8.   Plaintiff alleged that AMEC not only had a duty to inspect the Construction Site but that it had a duty to report any issues found at the site to "Dean-Facchina LLC and/or the District of Columbia" who would then remedy the same.  *See*, Complaint ¶ 11.

9.   Plaintiff alleges that on September 26, 2013 he tripped over a dangerously situated Construction Sign at the Construction Project ("Subject Incident").  *See*, Complaint ¶¶ 12-16.

10. Plaintiff alleges that he suffered injuries as a result of the Subject Incident that have caused him actual, emotion, and non-economic damages.  *See*, Complaint ¶¶ 20-26.

11. Plaintiff claims general negligence against AMEC related to the Subject Incident.  *See*, Complaint ¶¶ 27-40.

12. Plaintiff's Negligence *Per Se* claims are alleged pursuant to the District of Columbia Municipal Code, specifically D.C. Mun. Regs. 24-2000.5; 24-2001.4; 24-3340.13; and 24-3315.2.  *See*, Complaint ¶¶ 41-50.

13. Plaintiff alleges that "Defendants" (plural) were bound to comply with the D.C. Municipal Regulations which were "intended to promote the safety of the public and protect pedestrians, like Plaintiff…."  *See*, Complaint ¶ 48.

14. Plaintiff alleges that "Defendants" (plural) breached the duties imposed by the D.C. Municipal Regulations giving rise to liability.  *See*, Complaint ¶ 49.

15. Plaintiff alleges that as a "direct and proximately result of Defendants' [plural] negligence *per se*" he suffered substantial damages.  *See*, Complaint ¶ 50.

16. Plaintiff served a subpoena *duces tecum* on AMEC in the Superior Court Case by letter dated March 31, 2016, service by process server on April 1, 2016.  *See*, Exhibit 2 attached hereto.

## III.   JURISDICTION

The Federal Court has subject matter jurisdiction pursuant to diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Under certain circumstances, the Court may exert supplemental jurisdiction over a party in a claim where it would not have subject-matter jurisdiction independently where the claims are related to the same nucleus of facts and occurrences.  28 U.S.C. § 1367 describes supplemental jurisdiction, in pertinent part, as follows:

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction … over claims by plaintiff's against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
>
> …
>
> (e) As used in this section, the term "State" includes the District of Columbia….

28 U.S.C §§ 1367(b), 1367(e).  The Court may not exercise supplemental jurisdiction over an impleaded or joined party where doing so would destroy diversity jurisdiction.  *Park v. Didden*, 695 F.2d 626, 632 (D.C. Cir. 1982) (internal citations omitted).

Plaintiff alleges damages in excess of $75,000 in this case and relies on diversity citizenship pursuant to 28 U.S.C. § 1332(a)(1) in filing his Complaint.  *See*, Complaint ¶ 1. Plaintiff admits that he is a citizen of the District of Columbia.  *See*, Complaint ¶ 5. Furthermore, Plaintiff is accurate in his proposition that AMEC is incorporated in Nevada and

that its corporate nucleus, for the purpose of diversity jurisdiction, in in Georgia. *See*, Complaint ¶ 6. Thus, Plaintiff and AMEC are diverse in citizenship for the purpose of diversity jurisdiction.

Plaintiff has an active pending case against Dean-Facchina and the Government of the District of Columbia in the Superior Court for the District of Columbia. *See*, Complaint ¶ 4. Dean-Facchina is headquartered in Maryland and incorporated in Florida. As a result, it appears Plaintiff would have diversity of citizenship with Dean-Facchina sufficient to satisfy federal jurisdiction. However, the Government of the District of Columbia shares citizenship in the District of Columbia with Plaintiff. Plaintiff has not named the Government of the District of Columbia as a defendant party to this action, thus the Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Here the Court has jurisdiction founded solely on 28 U.S.C. § 1332. Plaintiff has chosen not to pursue this action in federal court against Dean-Facchina or the Government of the District of Columbia but rather intends to continue his suit, based on the same transaction and occurrence against those parties, in Superior Court. *See*, Complaint ¶ 4.

While jurisdiction may be proper based on the diversity in citizenship between the current parties to this federal action, any impleader or joinder of Dean-Facchina and/or the Government of the District of Columbia would destroy the existing diversity jurisdiction pursuant to 28 U.S.C. § 1332(b) (see also, *Didden*, 695 F.2d at 632. Therefore, this Court cannot exercise proper jurisdiction over the unnamed defendant parties in this action.

## IV. LEGAL ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed for Failure to Join Indispensable Parties

Federal Rule of Civil Procedure Rule 12 §§ (b)(7) and (f) permit the dismissal of a complaint for failure to join a necessary party in accordance with Rule 19 of the Federal Rules.

Fed. R. Civ. P. 12(b)(7); (f).  Dismissal for failure to join a party is within the sound discretion of the court.  See, *United States v. Exxon Corp.*, 94 F.R.D. 252 (D.D.C. 1981).

Rule 19 establishes a two-step procedure for determining whether an action must be dismissed because of the absence of a party needed for a just adjudication.  *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495-96 (D.C.C. 1997) (citing Fed. R. Civ. P. 19(a)(1).

A party is required

… if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest."

*Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 50 (D.D.C. 2003) (citing, Fed. R. Civ. P. 19(a)).

The court has "substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute."  *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1277 (D.C. Cir. 1983) (internal citation omitted).  Rule 19 considerations "can be complex, and determinations are case specific."  *Republic of Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180, 2188 (2008).  In ruling on a dismissal for lack of joinder of an required party under Rule 12(b)(7) a court may go outside the pleadings and look to extrinsic evidence.  *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).

A required party is a party "whose joinder will not deprive the court of subject-matter jurisdiction."  Fed. R. Civ. P. 19(a)(1).  If a required party *cannot* be joined the court must determine whether in equity and good conscience the action should proceed among the parties

5

before it, or should be dismissed, the absent person being regarded as indispensable.  *Cherokee Nation*, 117 F.3d at 1496.  In *Primax* the Court explained that:

> If a party should be joined under Rule 19(a), but joinder of the missing party is not feasible, the Court must consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it," or whether it should be dismissed, "the absent person being thus regarded as indispensable."

*Primax*, 260 F. Supp. 2d at 50 (citing .

The District of Columbia and Dean-Facchina are required parties.  Their joinder in this action is not feasible based on jurisdictional limitations discussed *supra*.  The Court should not proceed with the instant action absent the indispensable parties, thus Plaintiff's Complaint must be dismissed.

### i.   *The District of Columbia is a necessary party to this action*

The mere fact that a party has an interest in a suit and may be affected by its adjudication is not, alone, sufficient to make a party required for the purpose of dismissal pursuant to Rule 19. *Swomley v. Watt*, 526 F. Supp. 1271, 1273 (D.D.C. 1981).  The Court should consider other factors in determining whether a party is indispensable for the purposes of Rule 19, including possible prejudice and inadequacy of a judgment involving any party joined or not joined in the action.  *Id.* (citing Fed. R. Civ. P. 19(b)).  Functionally, "Rule 19 does not incorporate any of the 'real party in interest' principles of Rule 17; while actions that are not prosecuted by the 'real party in interest' are subject to dismissal, merely having an interest in a diversity action does not subject a party to compulsory joinder unless one of the three tests in Rule 19 is satisfied."  *Kint v. Terrain King Corp.*, 79 F.R.D. 10, 11 (1977).

The Court previously considered necessary joinder where claims of violation of the Disabilities Education Improvement Act of 2004 ("IDEIA") were brought against a charter school and its official.  *S.S. v. Howard Rd. Acad.*, 562 F. Supp. 2d 126 (D.D.C. 2008).  It was

found, in part, that the school district was not a necessary party to the action because the only allegations of violation of the Act were against the charter school and official and not against the district itself. *Id*. at 130-31.

Contractual agreements among the parties that relate to the claims at issue give rise to identification of said contracting party as an indispensable and necessary party for the purpose of a Rule 19 dismissal. See, *Automated Datatron, Inc. v. Woodcock*, 84 F.R.D. 408 (D.D.C. 1979) (finding that the president of a company who sued a former employee was an indispensable party because the president entered into the agreements at issue in the case); *Djourabchi v. Self*, 240 F.R.D. 5 (D.D.C. 2006) (the principal operating company was a necessary party to an action brought by a homeowner for breach of a construction contract)

Other jurisdictions have found that an action brought against an employee for their actions within the scope of their employment gives rise to the necessity for the employer to be a party to the action for complete relief to be accorded. *Hand v. Briggs*, 360 F. Supp. 484 (N.D. Cal. 1973) (in an action against female prison guards, a prisoner alleged cruel and unusual punishment and the court found that the department of corrections was clearly a party necessary for complete relief because it was the employer of the prison guards).

Once a party has been found to be a required (necessary and indispensable party) to the suit a complaint brought pursuant to diversity jurisdiction and founded on diversity of citizenship may be dismissed for lack of subject matter jurisdiction. See*, Ment v. Schwartz*, 305 F. Supp. 2d 49 (D.D.C. 2004) (dismissing a complaint for lack of complete diversity of citizenship because to failed to state whether the Doe defendants were necessary and indispensable parties).   In addition, in evaluating a party's necessary inclusion in an action, the compulsory joinder of a

non-party may rest on the ability of the existing party to adequately protect that non-party.  *Bank of N.Y. v. FDIC*, 508 F.3d 1, 7 (D.C.C. 2007) (internal citation omitted).

Rule 19 is "'predicated upon the preexistence of federal jurisdiction over the cause of action…' cannot be used 'in a way that would extend the subject matter jurisdiction of the Federal courts….'"  *Consumers Union of the United States, Inc. v. Consumer Product Safety Com.*, 400 F. Supp. 848, 854 (D.D.C. 1975), reversed on other grounds by *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375 (1980).

In *Capital Med. Ctr., LLC v. Amerigroup Md., Inc.* the Court considered a Rule 19 Motion to Dismiss where the defendant sought to bring in an additional defendant who was potentially liable for the plaintiff's claims.  677 F.Supp. 2d 188, 190 (D.D.C. 2010).  The party sought to be joined was in bankruptcy.  *Id*.  The Court found that the party was indispensable because it was a party to contracts involved in the litigation, it received funds in the transaction that was the subject of the litigation, and it was potentially liable to the plaintiff.  *Id*. at 192-93.  The plaintiff's complaint in that case was dismissed pursuant to Rule 19(b) due to the third party's bankruptcy prohibiting its joinder in the action.  *Id*.

In a previous contract claim before this Court it has been found that an interested party that is not subject to a suit may still find itself bound by the judgment in that case and the court must determine whether "the judgment as a practical matter [may] impair or impede his ability to protect his interest in the subject matter."  *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982) (quoting *Provident*, 390 U.S. at 110).  The fiduciary in that case was not a necessary party because it did not have an "interest in the subject matter of the suit, *i.e.* the lease.  Hence, judgment against [the defendant] for cancellation of the lease and an accounting would have no effect, practical or otherwise, on [the fiduciary]."  *Id*. at 671.

In *Capital Med. Ctr.*, *supra*, the Court considered the contractual relationship between the parties in reaching its conclusion regarding the liability that may exist related thereto. *Capital med. Ctr., LLC*, 677 F. Supp. 2d at 192-93. The existence of the contracts upon which the parties rested their claims for duty and breach were part of what made the un-joined party indispensable to the action. *Id.* Without the ability to fully adjudicate the contractual claims among the parties absent joinder, the various interests could not be protected and the Court dismissed the case.

Complete relief cannot be afforded in this litigation while Plaintiff maintains his suit the Superior Court based on the same transaction and occurrence. If liability is established in either case, and if an award is made to Plaintiff, the award would be for Plaintiff's total damages. Because the potentially liable parties are not defendants in the same action any such award would inherently prejudice the defendant or defendants in the other action in both their defense of Plaintiff's claims, and in the case of the Superior Court cross-claims, the prosecution and defense of such cross-claims.

Plaintiff brings claims against all three defendants based on a single set of facts. It is alleged that Plaintiff injured himself after tripping over a construction related sign that was located at a specific location within the District of Columbia, which caused injuries and damages. Plaintiff alleges general negligence and negligence *per se* based on alleged violations of municipal regulations in the Complaint in this case and in the Superior Court case. Unlike the proposed defendant parties in *Howard Rd. Acad.*, all defendant parties to the actions brought by Plaintiff in this case are alleged to have violated the same regulation giving rise to Plaintiff's negligence *per se* claims. Because both cases and all claims against all defendants are brought pursuant to the same facts and occurrence and under the same theories of liability the

9

Government of the District of Columbia and Dean-Facchina should be considered required parties.

Here, Plaintiff alleges that the Government of the District of Columbia entered into contracts with both AMEC and Dean-Facchina to perform work at the Construction Project and through those contractual agreements and the work performed thereunder the parties are liable for Plaintiff's injuries allegedly sustained at or near the Construction Project and/or by equipment used at the Construction Project.  As was the case in *Woodcock*, the parties here are all allegedly related by contractual agreement and their relationship, if any, to Plaintiff's claims flows from those agreements.  Thus, in the absence of all the parties to the agreements, complete relief cannot be accorded among the parties.

The *Hand* case out of California is instructive in this situation because the court in that case found that the department of corrections (a government entity) was a necessary party to an action against the department's employees for conduct allegedly performed in the scope of their employment.  Here Plaintiff alleges that AMEC contracted with the Government of the District of Columbia to provide services, the performance or alleged nonperformance of which lend themselves to liability for Plaintiff's claimed damages.  Taking these allegations as true for the purpose of this Motion, AMEC acted as an agent or employee of the Government of the District of Columbia thus the Government of the District of Columbia should be considered a necessary party to the action for the purpose of Rule 19.

Any decision by this Court or the Superior court regarding whether or not AMEC, Dean-Facchina, and/or the Government of the District of Columbia (1) owed a duty to the Plaintiff; breached said duty; and/or (3) violated a statute or regulation causing injury to the Plaintiff pursuant to Plaintiff's negligence and negligence *per se* claims would bind all Defendant Parties

10

having an interest in the subject matter of the instant litigation.  The relief sought by Plaintiff would have an effect on all Defendant Parties in their defense of Plaintiff's claims and in their prosecution and defense of any cross-claims or future third-party claims.

For the reasons stated *supra*, the Government of the District of Columbia cannot be joined in the instant federal action because such joinder would erode the existing diversity jurisdiction.  Thus, as was the case in *Capitol Med. Ctr.*, the Plaintiff's Complaint should be dismissed because the Government of the District of Columbia and Dean-Facchina are necessary parties to the action, but the Government of the District of Columbia cannot be joined.

### ii.   *Equity and good conscience call for dismissal of this action*

Pursuant to Rule 19(b), when joinder is not feasible the court should then determine if judicial efficiency, "equity and good conscience" allow for the dismissal of the action.  Fed. R. Civ. P. 19(b).  In considering such dismissal, the court should evaluate:

(1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) The extent to which any prejudice could be lessened or avoided by:

    a.  Protective provisions in the judgment;

    b.  Shaping the relief; or

    c.  Other measures;

(3) Whether a judgment rendered in the person's absence would be adequate; and

(4) Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Dismissal is appropriate where a plaintiff may seek recovery from the party in state court.

*McKenna v. Udall*, 418 F.2d 1171, 1174 (D.C.C. 1969); see also, *Barash v. Seaton*, 256 F.2d 714

(1958) (court did not dismiss an action where a necessary party was not joined because the plaintiff had no other court to turn to for relief).

The District of Columbia has specifically rejected the common law rule regarding contribution and has held that where tortfeasors jointly contribute to harm the plaintiff, all are potentially liable to the injured party for the entire harm, but as between the joint tortfeasor they share equally in the satisfaction of any judgment.  See, *Group Health Ass'n v. District of Columbia General Hosp.*, 540 A.2d 1104 (D.C. 1988); *Ceco v. Coleman*, 441 A.2d 940 (D.C. 1982).  "[T]he fact that the negligence of one may be greater than that of another… does not change the method of equally apportioning contribution, as the law of [the] jurisdiction does not recognize degrees of negligence." *Settlers Ins. Co. v. Schweid*, 221 A.2d 920, 923 (D.C. 1966).

Based on the law of contribution in the District of Columbia any judgment entered in either this case or the Superior Court case would bind the parties of the other case in such a way as to cause prejudice.  If Plaintiff were found to be negligent in either case it would be a bar to any recovery in the other case.  Similarly, if any defendant were found to be liable in either case and a judgment was entered, all defendants could be bound by such award in equal portions if found to be joint-tortfeasors.  Furthermore, the finding of liability in the Superior Court case on the part of either defendant in that case may give rise to recovery under the cross-claims which could impact the right of recovery under contracts that may exist between or among AMEC and the defendant parties in the Superior Court action.  All scenarios would lead to prejudice to one or more parties to this action, prejudice that could not be avoided or lessened by any measure.  Furthermore, any judgment rendered in this case absent the other defendant parties would be inadequate because it could not address the merits of the cross-claims raised by those parties in Superior Court.  Fort these reasons dismissal is appropriate.

Furthermore, Plaintiff in this case may seek recovery from AMEC by amending his complaint in the Superior Court case to name AMEC as a party to that action.  As the Court found in *McKenna*, the fact that Plaintiff has a means of recovery in state court available to him should weigh in favor of dismissal of this action for failure to join necessary parties.

Plaintiff raises claims in both this case and the existing Superior Court case that are based on the same transaction and occurrence, that are founded in the same alleged interpretation of the District of Columbia Municipal Code, and that are interdependent upon the contractual obligations allegedly existing between the Government of the District of Columbia and AMEC as well as the Government of the District of Columbia and Dean-Facchina.  For the reasons stated herein, the Government of the District of Columbia and Dean-Facchina are required parties in this action for the purposes of Rule 19(a)(1) because the court cannot accord complete relief to the parties in their absence and because multiple and/or inconsistent obligations may arise as the result of simultaneous prosecution of the cases.

Joinder of the Government of the District of Columbia is not feasible in this matter because it would destroy diversity jurisdiction.  In consideration of "equity and good conscience" this action should be dismissed because of the unavoidable prejudice that would result, the inability of the court to provide adequate resolution without all defendant parties, and because Plaintiff may seek to implead AMEC in the existing Superior Court action.

For the reasons stated herein, and pursuant to Fed. R. Civ. P. 12(b)(7) and 19, Plaintiff's Complaint should be dismissed for failure to join a necessary party.

**B.  The Federal Court Should Abstain From Hearing This Matter**

The Court may abstain from hearing this matter, despite the existence of federal diversity jurisdiction.

> The Supreme Court has identified three categories where abstention is appropriate: when (1) a constitutional issue "might be mooted or presented in a different posture by a state court determination of pertinent state law," *Cnty. of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959); (2) there is a difficult question of state law that bears on policy problems of substantial public import, and its importance goes beyond the result in [161] the instant case, *La. Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959); and (3) federal jurisdiction is being invoked to restrain state criminal proceedings, statute nuisance proceedings connected to a state criminal proceeding, or collection of state taxes. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S. Ct. 1070, 87 L. Ed. 1407 (1943). Principles of federalism and comity underlie these categories.

*Atkinson v. Grindstone Capital, LLC,* 12 F. Supp. 3d 156, 160-161, 2014 U.S. Dist. LEXIS 13987, *6-7, 2014 WL 448547 (D.D.C. 2014).

However, the district court may also exercise its discretion in declining to hear a matter that is otherwise properly before the Court pursuant to the principles the Supreme Court set out in what is called the *Colorado River* Doctrine.  *Id.*  Where there are two courts with concurrent jurisdiction over the same matter, the federal court may consider "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" in deciding to abstain from hearing a case.  *Id.* (quoting, *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); citing, *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 352, (D.C. Cir. 2003).  Based on this precedent, the Court should consider the following factors in deciding whether it will abstain from hearing a matter, but these factors should be considered on a case-by-case basis and do not amount to a checklist for consideration:

(1)     Which court first obtained jurisdiction over the property in dispute, if any;
(2)     Any inconvenience that might result from litigating in a federal forum;
(3)     Which court first obtained jurisdiction over the case;
(4)     The desirability of avoiding piecemeal litigation;
(5)     Whether federal or state law controls; and
(6)     Whether the state law forum will adequately protect the interests of the parties.

*Id.* citing *Handy*, 325 F.3d at 352; *Colo. River*, 424 U.S. at 817; see also, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).   "Only the clearest of justifications will warrant dismissal."  *Colo. River*, 424 U.S. at 819.

### i.   This case does not concern property, thus the first abstention factor does not weigh either for or against maintaining jurisdiction

If a Court considers the *Colorado River* Doctrine in assessing abstention from a matter, the first factor relates only to claims involving property.  Where property is not a factor the factor should be considered irrelevant to the Court's abstention decision.  *Id*. at 162.

The instant matter involves a claim for personal injuries based on negligence and negligence *per se*.  There is no property at issue in this case, thus this factor neither weighs for or against abstention.

### ii.   Litigating this matter in the federal forum is inconvenient and unnecessary

Inconvenience to the parties may encompass an evaluation of the geographical location of such litigation.   Geographical considerations are of no concern in this matter considering Plaintiff's District of Columbia residence and AMEC's operation within the District of Columbia.  Thus, this factor should neither weight for or against abstention.  *Id*.

### iii.   The District of Columbia Superior Court was the first court to obtain jurisdiction over this matter and the matter should remain in that Court

Consideration of this factor must be pragmatic and flexible; it must account for the specific facts of each case.  *Mercury Constr. Corp.*, 460 U.S. at 21.  Although litigation in state court is filed prior to a federal court action, the factor may still weight against abstention if an action could not be taken until after a period certain in time and diligent efforts were otherwise made.   *Id*. at 21-22 (discussing the fact that defendant could not file a motion to compel arbitration in federal court until after the plaintiff refused to attend arbitration, which did not

happen until a day before the state court case was filed).  "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Id* at 21.

Plaintiff filed the Superior Court Case on September 3, 2015.  It has been pending for nearly a year.  Discovery has proceeded among the parties and cross-claims have been filed.  In addition, Plaintiff served a subpoena on AMEC as non-party to the Superior Court action on April 1, 2016 and documents responsive to said subpoena were provided by AMEC pursuant thereto.  As was the case with the action at bar in *Atkinson*, the District of Columbia Court has had continuous jurisdiction over this matter, it has overseen the progress of the litigation, and it has set a standard mediation date in the case.  *Atkinson*, 12 F. Supp. 3d at 164.  The federal claims against AMEC have only just been filed and litigation has not progressed at all.  As the Court found in *Atkinson*, here this factor should weigh in favor of abstention.  *Id.*

> ### iv.   Litigating this matter piecemeal in both the District of Columbia Superior Court and the Federal Court would be an inefficient waste of judicial resources

The development of existing litigation is considered in applying the fourth factor of the abstention test.  *Id*. at 162-163.  The Court should consider whether abstention in this case will prevent piecemeal litigation beyond merely duplicative litigation.  *Id*. (citing *Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67, 72 (D.D.C. 2001); *Johnston Lemon & Co. v. Smith*, 882 F. Supp. 4, 5 (D.D.C. 1995); *Delaney v. Capitol Hill Anesthesia Assocs.*, 602 F. Supp. 1069, 1070 (D.D.C. 1985); see also, *Colo. River*, 424 U.S. at 817) (quotation omitted).  Where there is an actual risk of piecemeal litigation, such as where the parallel actions involve different parties, abstention should be considered.  *Id*. (citing, *Foster-el*, 163 F. Supp. 2d at 72; *Delaney*, 602 F. Supp. at 1070).

16

Allowing parties to continue litigation based on "'identical questions of law applied to identical facts in two separate forums'... could lead to 'contradictory or, at a minimum, irreconcilable rulings.'" *Foster-el*, 163 F. Supp. 2d at 72 (quoting *Hurley v. Heilig*, 28 F. Supp. 2d 33, 35 (D.D.C. 1998).

Here, unlike *Atkinson*, the parties are different between the Superior Court action and the Federal Court action, despite being based on the same transaction and occurrence as referenced by Plaintiff in his Complaint.  In fact, it appears that Plaintiff's Complaint in this case is identical to the Complaint in the Superior Court Case, down to his repeated referral to "defendants" (plural).  Plaintiff has been aware of AMEC as a potential party at least since March/April of this year when he mailed and served a subpoena on AMEC for documents.  However, Plaintiff has not sought to implead AMEC in the Superior Court case, the failure of which would result in piecemeal litigation in both court.  For the reasons the Court noted in *Foster-el* and *Hurley*, this fact lends itself to this court abstaining from action based on the piecemeal nature by which Plaintiff seeks to pursue his claims before the two courts.  If permitted to proceed in this matter, in two separate actions against separate defendants but based on the same transaction and occurrence, the results of the separate litigation could contradict one another and be irreconcilable for all parties.

> ### v. *The District of Columbia precedent will control in this matter, thus the District of Columbia Superior Court is a more convenient forum for the proceedings*

"The district court need not 'find some substantial reason for the exercise of federal jurisdiction;' instead, it should consider whether the source of law provides justification for declining to exercise its jurisdiction." *Atkinson*, 12 F. Supp. 3d at 165 (quoting, *Mercury Constr. Corp.*, 460 U.S. at 25).  The *Atkinson* Court did face allegations that matters at issue would fall under the FAA and federal law would be applicable.  *Id*.  However, the Court did not even reach

the dispute as to whether the FAA rules would apply because it found that even if it did, the state court would be bound to apply it as well. *Id*. The *Atkinson* Court also noted that the case was one where state law issues were paramount in determining whether an arbitrator engaged in misconduct, thus the implication that federal law may apply in all or part of the action was dwarfed by this prevailing state interest.

Similarly, the Court in *Foster-el* found that the matter involved difficult and novel questions of local law. 163 F. Supp. 2d at 73. That case concerned the District of Columbia's Strict Liability Act. *Id*. The Act was allegedly meant to protect the health, safety, and welfare of District residents and the District of Columbia had yet to interpret it in that regard. *Id*. This led to the Court's ultimate decision to abstain from hearing the matter in lieu of proceeding with the case in the District of Columbia Superior Court. *Id*.

In the instant action there is no argument among the parties about the applicable law to be applied. The District of Columbia precedent will be used to address Plaintiff's negligence and negligence *per se* claims. Furthermore, in consideration of the existing defendants' cross-claims, those are based in contract and would also be considered pursuant to the District of Columbia case law on contract interpretation and enforcement. Federal law will play only a procedural role in the adjudication of this matter thus this factor should weigh in favor of abstention.

As was the case in *Foster-El*, the instant action involves the application of certain public safety regulations pursuant to the District of Columbia Municipal Code. These regulations have not been considered by the District of Columbia Superior Court in any known prior litigation related to the health and safety of an individual claimant for the purpose of imposing a duty under a negligence *per se* theory. This makes the claims in this case especially suited for

18

adjudication in the District of Columbia Superior Court and this Court should exercise its broad authority to abstain from hearing this matter.

> **vi.   The District of Columbia Superior Court was the forum selected and pursued by Plaintiff in his action against the other defendant parties, and it will adequately protect the interests of all parties, including AMEC**

Abstention in this case will not cause prejudice to the party's rights.  As was the Court's conclusion in *Atkinson*, the Superior Court here will be able to adequately protect the interests of the parties.  The Plaintiff here, as in *Atkinson*, could either voluntarily dismiss this case or ask this Court to stay it pending the outcome of the District of Columbia Superior Court matter. *Atkinson*, 12 F. Supp. 3d at 166.  In either situation the Plaintiff would not be prejudiced as a result.

Plaintiff has the ability to seek to amend the Complaint in the Superior Court action to implead AMEC as a defendant party.   Plaintiff has been aware of AMEC and it's alleged/potential role since, at least, March/April 2016.  However, Plaintiff has not sought to implead AMEC in the Superior Court case, nor did he seek any stance from AMEC regarding any position it would take to such impleader in Superior Court versus Federal Court. Furthermore, the factual allegations underlying Plaintiff's Complaint relate to alleged contractual obligations imposed on AMEC by and through its work within the District of Columbia.  By virtue of operating an office in the District of Columbia and participating in contracts which provide services within the District it may be, at least suggested, that AMEC contemplated the possibility of being subject to adjudication in the Superior Court on a claim related to such actions and any argument raised by Plaintiff regarding jurisdictional compliance should be discounted.

## V.     CONCLUSION

Plaintiff has failed to join known, necessary, and indispensable parties to this action. Those parties now cannot be joined to this action as such joinder or impleader would cause disruption to the diversity jurisdiction upon which Plaintiff's claimed jurisdiction rests.  Because continued adjudication of this matter in this court, absent the necessary but non-joinable parties, would result in unfair prejudice and the inability to fully adjudicate all claims, Plaintiff's Complaint should be dismissed for failure to join indispensable parties pursuant to Rule 12(b)(7).

In the alternative, the Court should exercise its authority to abstain from hearing this matter given the alternatives available to Plaintiff to seek relief from the Superior Court.  If the Court fails to find grounds for dismissal pursuant to 12(b)(7) we ask the Court to dismiss this action pursuant to the *Colorado River Doctrine* regarding abstention, or stay this matter until Plaintiff has had the opportunity to attempt impleader of AMEC in the Superior Court Case as would be proper for just adjudication of these claims.

Dated this   _31st_   day of August, 2016.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/ Craig L. Sarner*
Craig L. Sarner, DC Bar No. 447523
1233 20th Street, NW, Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)
csarner@bonnerkiernan.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   31st   day of August, 2016, a copy of the foregoing

was served *via* the Court's electronic filing system to:

Jacob M. Lebowitz, DC Bar No. 483742
Ryan C. Posey, DC Bar No. 1000581
3221 M Street NW
Washington, DC 20007
(202) 524-0123
(202) 810-9009 (facsimile)
jlebowitz@poselebowitz.com
rposey@poseylebowitz.com

*/s/ Craig L. Sarner*
Craig L. Sarner, DC Bar No. 447523